| Grundy County Circuit Court P.O. Box 161 Altamont, TN 37301 | **STATE OF TENNESSEE CIVIL SUMMONS** page 1 of 2 | Case Number 9167 |
|---|---|---|

**Evangelin D. Dupree v. Cory T. Fitzgerald and Werner Enterprises, Inc.**

Served On:

**Werner Enterprises, Inc.**

Served through Tenn. Secretary of State via T.C.A. 20-2-214

**Nathan Meisgeier (Agent for Process)**

**14507 Frontier Road**

**Omaha, Nebraska 68138**

You are hereby summoned to defend a civil action filed against you in Circuit Court, Grundy County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 2-3-2022

_____
Clerk / Deputy Clerk – Grundy County Circuit Court

Attorney for Plaintiff: John F. Romero, Esq.
213 Rep. John Lewis Way N., Ste. 300, Nashville, TN 37219

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to   Penny Sons, Circuit Clerk, Grundy County
P.O. Box 161
Altamont, TN 37301

## CERTIFICATION (IF APPLICABLE)

I, Penny Sons, Circuit Clerk of Grundy County do certify this to be a true and correct copy of the original summons issued in this case.

Date: 2-22-2022

_____
Clerk / Deputy Clerk – Grundy County Circuit Court

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____  By: _____
                               Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____)

_____      _____
Signature of Plaintiff                 Plaintiff's Attorney (or Person Authorized to Serve Process)

ADA: If you need assistance or accommodations because of a disability, please call Penny Sons, ADA Coordinator, at (931) 692-3368.

Rev. 03/11



## IN THE CIRCUIT COURT FOR GRUNDY COUNTY, TENNESSEE
## AT ALTAMONT

EVANGELIN D. DUPREE,

    Plaintiff,

vs.

CORY T. FITZGERALD AND
WERNER ENTERPRISES, INC.,

    Defendants.

JURY DEMAND (12)

Case No. 9167

## COMPLAINT

Comes now, Plaintiff Evangelin D. Dupree, by and through counsel, and files this Complaint, showing this Honorable Court as follows: This is a civil action for personal injury damages arising out of a motor vehicle collision that occurred on September 17, 2021, in Grundy County, Tennessee.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an adult female who sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 1:53 a.m. on or about September 17, 2021, in Grundy County, Tennessee.

2. Plaintiff is a resident and citizen of the State of Georgia.

3. Defendant Cory T. Fitzgerald resides at 681 Randi Lane, Hoffman Estates, Cook County, Illinois 60169, and may be served with a copy of the summons and complaint at this address.

4. Once served with process, Defendant Fitzgerald is subject to the jurisdiction and venue of this Court.

5. Defendant Fitzgerald was properly served with process in this civil action.

6. Defendant Fitzgerald was sufficiently served with process in this civil action.

7. Defendant Fitzgerald is subject to the jurisdiction of this Court.

8. Defendant Werner Enterprises, Inc. is a foreign corporation with its principal place of business in Omaha, Nebraska.

9. Defendant Werner Enterprises, Inc. may be served a copy of the Summons and Complaint on its registered agent: Nathan Meisgeier at 14507 Frontier Road Omaha, Nebraska 68138.

10. Once served with process, Defendant Werner Enterprises, Inc. is subject to the jurisdiction and venue of this Court.

11. Defendant Werner Enterprises, Inc. was properly served with process in this civil action.

12. Defendant Werner Enterprises, Inc. was sufficiently served with process in this civil action.

13. Defendant Werner Enterprises, Inc. is subject to the jurisdiction of this Court.

14. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case. Defendant Werner Enterprises, Inc. and Defendant Cory T. Fitzgerald were subject to and were required to obey these regulations at the time of the collision and at all relevant times prior to the collision that serves as the basis for this civil action.

15. At all relevant times Defendant Cory T. Fitzgerald was an "employee" of Defendant Werner Enterprises, Inc. within the meaning of and subject to the provisions of the FMCSR.

16. The events complained of herein occurred in Grundy County, Tennessee. Jurisdiction and Venue are proper pursuant to Tenn. Code Ann. §20-4-101.

## FACTS

17. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

18. On or about September 17, 2021, at approximately 1:53 a.m., Defendant Cory T. Fitzgerald was operating a tractor-trailer vehicle, bearing Vehicle Identification Number 3AKJHHDR1MSLR5053, on Dickie Lee Avenue in Grundy County, Tennessee.

19. Defendant Cory T. Fitzgerald was operating the tractor-trailer while in the course and scope of his employment and/or agency with Defendant Werner Enterprises, Inc., a commercial motor vehicle carrier who is governed by the Federal Motor Carrier Safety Regulations.

20. On the same date and time, Plaintiff was properly parked in the Pilot Travel Center parking lot located at 640 Dickie Lee Avenue in Monteagle, Grundy County, Tennessee 37356.

21. On or about September 17, 2021, at approximately 1:53 a.m., Defendant Fitzgerald turned his tractor-trailer vehicle into the Pilot Travel Center for the benefit of Werner Enterprises, Inc.

22. Suddenly and without warning to Plaintiff, Defendant Fitzgerald struck the rear end of Plaintiff's parked vehicle while she occupied it.

23. Plaintiff was properly parked and had no way to avoid the collision caused by Defendant Fitzgerald.

24. At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

25. Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

26. Defendants are 100% at fault for causing the subject collision.

27. Plaintiff did not commit any act or omission that caused or contributed to the subject

3

collision.

28. No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

29. No act or failure to act on the part of Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

30. No act or omission on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

31. Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

32. As a result of the collision, Plaintiff suffered serious and permanent injuries and other damages.

## COUNT I: NEGLIGENT ACTS AND/OR OMISSIONS OF

## DEFENDANT CORY T. FITZGERALD

33. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

34. At all relevant times, Defendant Fitzgerald owed the following civil duties to Plaintiff but breached one or more of those duties in the following ways:

   (a)   Failing to maintain proper control of his vehicle;

   (b)   Failing to keep a proper lookout;

   (c)   Failing to make reasonable and proper observations while driving;

   (d)   Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

   (e)   Failing to keep an assured safe distance from Plaintiff's vehicle;

   (f)   Failing to drive at a reasonable and prudent speed under the conditions;

4

(g) Failing to obey traffic laws;

(h) Failing to drive with due care; and

(i) Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

35. Defendant was also negligent *per se* in that he violated one or more laws and regulations governing his operation of a motor vehicle, including:

**(a) Tenn. Code Ann. § 55-8-136 - Due Care.**

(a) Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail of any fixed object legally placed within or beside the roadway right of way, by operating the motor vehicle at a safe speed, by maintaining a safe lookout, by keeping the motor vehicle under proper control and by devoting full time and attention to operating the motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

36. As a result of Defendant Fitzgerald's negligence, Plaintiff suffered physical and other personal injuries.

37. As a direct and proximate result of the negligence of Defendant Fitzgerald, Plaintiff has incurred and is entitled to recover economic damages, including, but not limited to, past and future medical expenses, past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for her non-economic damages, including past and future pain and suffering and other damages.

# COUNT II: NEGLIGENT ACTS AND/OR OMISSIONS OF DEFENDANT WERNER ENTERPRISES, INC.

38. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

39. At all times material hereto, Defendant Fitzgerald was an employee and/or agent of Defendant Werner Enterprises, Inc.

40. At all times material hereto, Defendant Fitzgerald was acting within the scope and course of his agency and/or employment with Defendant Werner Enterprises, Inc.

41. At all times material hereto, Defendant Fitzgerald was authorized by Defendant Werner Enterprises, Inc. to operate the tractor-trailer that was involved in the collision described in this Complaint.

42. Regardless of the employment relationship, Defendant Werner Enterprises Inc. is the registered owner of U.S. DOT Number 53467 displayed on the cab of the tractor trailer truck involved in this collision and is therefore responsible and/or vicariously liable for the negligent acts and/or omissions of the driver of that vehicle.

43. At all times relevant to this civil action, both Defendants were subject to the minimum safety standards established by the Federal Motor Carrier Safety Regulations (49 CFR §§301-399) either directly or as adopted by the Tennessee Department of Transportation Safety Rules and Regulations §1340-6-1.20 and pursuant to Tenn. Code Ann. §§65-2-102 and 65-15-113. These defendants were required to obey the FMCSR at the time of the collision and at all relevant times prior to the collision.

44. These defendants will be shown at trial to have violated Federal Motor Carrier Safety Regulations which constitutes negligence *per se*.

6

45. Defendant Werner Enterprises, Inc. is vicariously liable for the negligent actions and/or omissions of Defendant Fitzgerald pursuant to the doctrine of *respondeat superior*.

46. Defendant Werner Enterprises, Inc. is and/or was the owner of the vehicle operated by Defendant Fitzgerald and is therefore vicariously liable for damages caused in this case.

47. Defendant Werner Enterprises, Inc. owed a duty of reasonable care to Plaintiff. Defendant Werner Enterprises, Inc. and breached the duty of reasonable care and was also negligent itself in the following ways:

   a. Negligently hiring or contracting with Defendant Fitzgerald to drive the vehicle at issue;

   b. Negligently training Defendant Fitzgerald;

   c. Negligently entrusting Defendant Fitzgerald to drive the vehicle professionally;

   d. Negligently retaining Defendant Fitzgerald to drive the vehicle at issue;

   e. Negligently qualifying Defendant Fitzgerald;

   f. Failing to supervise Defendant Fitzgerald; and

   g. Otherwise failing to act as a reasonably prudent company under the circumstances.

48. As a direct and proximate result of the negligence of Defendants Fitzgerald and Werner Enterprises, Inc., Plaintiff sustained severe and permanent injuries and other damages.

49. Defendant Werner Enterprises, Inc. is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## COUNT III: COMBINED AND CONCURRING ACTS AND/OR OMISSIONS OF NEGLIGENCE BY DEFENDANTS

50. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

51. Each of Defendants acted in a manner which either alone, and/or combined and concurring

7

with the actions of the other Defendants' acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries.

52. As a direct and proximate result of the negligence of Defendants, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

## DAMAGES

53. As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

54. As a direct and proximate result of the negligent acts and/or omissions committed by one or more of the defendants, Plaintiff is entitled to compensatory damages to be awarded for the following economic damages in accordance with Tenn. Code Ann. §29-39-101(1):

1. objectively verifiable pecuniary damages arising from medical expenses and medical care both past and future,
2. rehabilitation services,
3. mental health treatment,
4. custodial care,
5. loss of earnings and earning capacity, both past and future,
6. loss of income, and
7. any other objectively verifiable monetary losses.

55. As a direct and proximate result of the negligent acts and/or omissions committed by

8

one or more of the defendants, Plaintiff is entitled to compensatory damages to be awarded for the following non-economic damages in accordance with Tenn. Code Ann. §29-39-101(2):

1. physical and emotional pain, both past and future;
2. suffering, both past and future;
3. inconvenience;
4. physical impairment;
5. disfigurement;
6. mental anguish;
7. emotional distress;
8. loss of society,
9. companionship, and consortium;
10. injury to reputation;
11. humiliation;
12. noneconomic effects of disability, including loss of enjoyment of normal activities, both past and future;
13. benefits and pleasures of life and loss of mental or physical health, both past and future,
14. well-being or bodily functions, both past and future; and
15. all other nonpecuniary losses of any kind or nature.

## RELIEF SOUGHT

Based upon the foregoing allegations, Plaintiff sues Defendants and demands judgment for compensatory damages in an amount up to Seven Hundred Fifty Thousand Dollars (**$750,000.00**) or in an amount to be determined by a jury of twelve (12) peers under the law and the evidence along with any further general relief to which they may each be entitled to receive.

Respectfully submitted,

*/s/ John Romero*

Jeffery S. Roberts, #20263
Casey W. Elrod, #35995
John F. Romero, #38841
Jeffery S. Roberts & Associates, PLLC
213 Rep. John Lewis Way N., STE. 300
Nashville, Tennessee 37219
(615) 425-4400
*Attorneys for Plaintiff*

9



US POSTAGE PITNEY BOWES
ZIP 3/243 $ 007.16⁰
02 4W
0000371068 MAR 04 2022

9489 0090 0027 6343 1488 56

ess Services Division
y of State Tre Hargett
ate of Tennessee
L. Parks Avenue, 6th Floor
lle, Tennessee 37243-1102

WERNER ENTERPRISES, INC.
14507 FRONTIER ROAD
: NATHAN MEISGEIER (AGENT FOR PROCESS)
OMAHA, NE 68138